# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30290
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2018

Lyle W. Cayce
Clerk

DAVID MARX,

Plaintiff-Appellant

v.

LOUISIANA STATE POLICE, Officials; ATTORNEY GENERAL STATE OF
LOUISIANA; ORLEANS PARISH OFFICIALS; NEW ORLEANS CITY OFFI-
CIALS, Louisiana; UNIDENTIFIED PARTIES, Et Al,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-13831

Before KING, ELROD, and HIGGINSON, Circuit Judges.
PER CURIAM:*

David Marx, Louisiana prisoner # 619061, appeals the dismissal of his
pro se complaint as frivolous and for failure to state a claim. *See* 28 U.S.C.
§ 1915(e)(2)(B). He contends that he plausibly stated a claim under 42 U.S.C.
§ 1983 because Louisiana has prevented him from conducting DNA testing on
evidence relating to his conviction for second-degree murder. He also appears

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-30290

to argue that the district court should have permitted him to add new defendants and that his prior counsel failed to pursue DNA leads. We affirm.

We review the dismissal de novo. *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). A complaint fails to state a claim if it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted)). *Compare* 28 U.S.C. § 1915(e)(2)(B)(ii), *with* Fed. R. Civ. P. 12(b)(6).

A prisoner has no substantive due-process right to DNA testing after conviction. But a state that creates such a right must also craft rules comporting with procedural due process. *See Skinner v. Switzer*, 562 U.S. 521, 525 (2011); *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 72–73 (2009). Relevant here is article 926.1 of the Louisiana Code of Criminal Procedure. This provision permits a convicted prisoner to apply for DNA testing so long as the "application" "compl[ies] with the provisions of Article 926"[1] and "allege[s] all of the following":

> (1) A factual explanation of why there is an articulable doubt, based on competent evidence whether or not introduced at trial, as to the guilt of the petitioner in that DNA testing will resolve the doubt and establish the innocence of the petitioner.
> (2) The factual circumstances establishing the timeliness of the application.
> (3) The identification of the particular evidence for which DNA testing is sought.
> (4) That the applicant is factually innocent of the crime for which he was convicted, in the form of an affidavit signed by the petitioner under penalty of perjury.

La. Code Crim. P. art. 926.1(B).

---

[1] Article 926 requires that the application for post-conviction relief "be by written petition addressed to the district court for the parish in which the petitioner was convicted," La. Code Crim. P. art. 926(A), and include a statement of "the grounds upon which relief is sought" and "all prior applications for writs of habeas corpus or for post conviction relief," *id.* art. 926(B). The Supreme Court of Louisiana has approved a standard application form for such petitions. *Id.* art. 926(D).

No. 17-30290

Even liberally construed, Marx's complaint does not contest article 926.1's constitutionality. He instead seeks an order enjoining Louisiana to follow its own law. But Marx has not alleged that he filed a DNA-testing application that complied with either article 926 or 926.1. *See* La. Code Crim. P. art. 926.1(B). Rather, he seems to imply that he requested DNA testing by seeking a writ of certiorari from the Louisiana Supreme Court. The complaint, therefore, does not allege any facts suggesting that Louisiana's resolution of any article 926.1 application violated Marx's due process rights. The district court properly dismissed this case. *Cf. Skinner*, 562 U.S. at 525.

Finally, we will not consider whether the district court should have permitted Marx to add new defendants to his suit because Marx never made such a motion below. *See Jennings v. Owens*, 602 F.3d 652, 657 n.7 (5th Cir. 2010). Nor will we consider Marx's challenge to his prior counsel's effectiveness, for the complaint did not level such allegations. *See id.*

Because Marx failed to state a claim, we AFFIRM. The district court's dismissal and this court's affirmance count as one strike under § 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir. 1996). Marx is hereby WARNED that if he accumulates three strikes, he will not be allowed to proceed in forma pauperis in any civil action or appeal unless he is under imminent danger of serious physical injury. *See* § 1915(g).

We express no opinion on whether Marx may file a DNA-testing application under articles 926 and 926.1 of the Louisiana Code of Criminal Procedure.